UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CIRCLE OF SECURITY
INTERNATIONAL, INC., a
Washington corporation,

        Plaintiff,

  v.

ROBYN GOBBEL, LLC, a Michigan
limited liability company; and
ROBYN GOBBEL, an individual,

        Defendants.

C25-0281 TSZ

ORDER

THIS MATTER comes before the Court on Plaintiff Circle of Security International, Inc.'s Response (the "Response"), docket no. 13, to the Court's Minute Order, docket no. 12. The Court ordered Plaintiff to show cause as to why this case should not be dismissed without prejudice for failure to prosecute and comply with the Court's Orders. Minute Order at 2 (docket no. 12). For the reasons stated below, the Court concludes that Plaintiff has not adequately responded to the Court's Minute Order, and the Court therefore dismisses Plaintiff's Complaint against Defendants without prejudice.

ORDER - 1

**Background**

Plaintiff initiated this case on February 12, 2025.  See Compl. (docket no. 1).  On March 4, 2025, the Court entered an Order setting dates and deadlines for a Federal Rule of Civil Procedure 26(f) conference (April 21, 2025), initial disclosures pursuant to Rule 26(a)(1) (May 5, 2025), and to file a joint status report and discovery plan as required by Rule 26(f) (May 5, 2025).  Order at 1 (docket no. 5).  On April 30, 2025, Plaintiff filed an Amended Complaint, docket no. 6.  On May 15, 2025, Plaintiff filed a "Stipulated and Agreed Motion for Extension of Time for Defendants to File their Responsive Pleading," docket no. 9.  The Court granted the motion, and in doing so, noted that neither Defendant Robyn Gobbel, LLC nor Defendant Robyn Gobbel had appeared despite Plaintiff's representation that they were served and represented by counsel, extended sua sponte the joint status report and related deadlines that had already passed, and extended Defendants' deadline to file a responsive motion or pleading to June 13, 2025.  Minute Order at 1–2 (docket no. 10).

On June 20, 2025, seven days after Defendants' deadline to file a responsive pleading or motion had passed, Plaintiff filed a "Stipulated and Agreed Second Motion for Extension of Time for Defendants to File their Responsive Pleading,"[1] docket no. 11. Plaintiff requested an extension to August 1, 2025.  Sec. Mot. for Ext. of Time at 2 (docket no. 11).  The Court denied the motion, noting that the second motion was nearly identical to the first, Defendants still had not appeared, and the motion failed to address

---

[1] Plaintiff named these motions, docket nos. 9 & 11, "Stipulated" and "Agreed" despite Defendants never having appeared in this case.

ORDER - 2

and therefore establish Defendants' excusable neglect regarding Defendants' failure to timely file. Minute Order at 1–2 (docket no. 12). The Court ordered Plaintiff to show cause why the Court should not dismiss this case without prejudice for failure to prosecute and comply with the Court's Orders. Id. at 2. Plaintiff filed its response on August 4, 2025. See Resp. (docket no. 13). As of the date of this Order, Defendants have not appeared.

**Discussion**

As the Court noted in its prior Minute Order, docket no. 12 at 2, Plaintiff has a general duty to prosecute its claim. See Fid. Philadelphia Tr. Co. v. Pioche Mines Consol., Inc., 587 F.2d 27, 29 (9th Cir. 1978) ("It is a well established rule that the duty to move a case is on the plaintiff and not on the defendant or the court."). Federal Rule of Civil Procedure 41(b) provides that "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Federal district courts have inherent power to dismiss a case sua sponte for failure to prosecute. See Spesock v. U.S. Bank, NA, 2018 WL 5825439, at *3 (W.D. Wash. Nov. 7, 2018) (citing Link v. Wabash Railroad Co., 370 U.S. 626, 633 (1962)).

In determining whether Plaintiff's failure to prosecute their claims against Defendants warrants dismissal, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting Henderson v. Duncan, 779

F.2d 1421, 1423 (9th Cir. 1986)).  Factors one and two favor the imposition of sanctions in most cases, while factor four generally cuts against a dismissal sanction.  Wanderer v. Johnson, 910 F.2d 652, 656 (9th Cir. 1990).  Thus, the "key factors" for the court to consider are factors three and five, prejudice and availability of lesser sanctions.  Id.

### A. Factors One, Two, and Four

The first two factors weigh in favor of dismissal.  The public has an overriding interest in securing "the just, speedy, and inexpensive determination of every action."  In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1227 (9th Cir. 2006) (quoting Fed. R. Civ. P. 1).  "Delay in reaching the merits, whether by way of settlement or adjudication, is costly in money, memory, manageability, and confidence in the process."  Id.  "A district court cannot manage its docket if [case management] orders are not respected."  Id. at 1252.

It has now been over *six* months since Plaintiff initiated this lawsuit, and "(1) both Defendants have failed to appear; (2) no responsive motion or pleading has been filed in response to the Complaint; and (3) the parties have yet to file an initial joint status report as required by the Court's Minute Orders; and (4) the Court has been unable to enter a scheduling order."  Minute Order at 1–2 (docket no. 12) (internal citations omitted).  The Court has tried in the interim period to extend deadlines where appropriate and warn the parties about their repeated failures to comply with the Court's Orders and adhere to the deadlines set at the outset of this case.  Such efforts have proven ineffective to progress this case toward resolution.

ORDER - 4

The fourth factor weighs only slightly against dismissal under the circumstances of this case.

B.    **Factors 3 and 5**

This leaves the two remaining "key factors." Wanderer, 910 F.2d at 656. The Court first addresses factor three: prejudice. "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). Here, there is no evidence of prejudice to Defendants, who have never appeared in this case. See Garvie v. Bennett, 2024 WL 6078846, at *2 (W.D. Wash. July 26, 2024) (finding no prejudice to the defendant where the defendant has not appeared). As a result, factor three weighs in favor of dismissal.

In consideration of the fifth and final factor, the availability of less drastic sanctions, the Court now addresses the Response in detail. The Ninth Circuit has repeatedly held that a specific warning of the possibility of dismissal will satisfy the "less drastic" factor. See Choi v. LG Elecs. USA, Inc., 2022 WL 17960618, at *3 (W.D. Wash. Dec. 27, 2022) (citing cases). The Court warned Plaintiff that the inability to explain why its failure to prosecute and comply with the Court's Orders may result in dismissal without prejudice. See Minute Order at 2 (docket no. 12).

In the Response, Plaintiff first offers an explanation for why the pace of settlement negotiations has been slow: it has not been able to review Defendants' allegedly "Attorneys' Eyes Only" materials efficiently. See Resp. at 1–3 (docket no. 13). This explanation, however, is irrelevant to the issue at hand because it does not relate to the

ORDER - 5

1 parties' obligations to comply with the Court's Orders.  Litigants are, of course, free to
2 engage in settlement discussions outside the oversight of the Court and as they see fit, but
3 such discussions do not obviate the litigants' responsibilities to comply with the Court's
4 orders.

5       Plaintiff also asserts that "the delay in this case is due only to Plaintiff's good faith
6 desire to avoid burdening Defendants with the added costs that would be Defendants'
7 burden with the next steps, if such costs are avoidable."  Resp. at 2 (docket no. 13).  This
8 statement is a belated attempt to address the good faith requirement to extend deadlines
9 that have passed, see Minute Orders (docket nos. 10 & 12).  Plaintiff cites no authority,
10 and the Court has found none, to suggest that a party's mindfulness of an opposing
11 party's litigation costs is sufficient for a finding of good faith.

12       Plaintiff next states that they "are fine requiring" Defendants to enter an
13 appearance, respond to the Amended Complaint, and participate in the initial
14 conferences, "*[i]f necessary*."  Resp. at 2 (docket no. 13) (emphasis added).  First, it is
15 not for Plaintiff to decide these obligations; that role is for the Court to enforce through
16 the Federal Rules of Civil Procedure.  Second, the Court had previously set and extended
17 deadlines and participation was already "necessary."  See Minute Order at 1–2 (docket
18 no. 10) ((1) requiring Ashley Callahan, Defendants' supposed counsel, to file a notice of
19 appearance on or before June 6, 2026; (2) extending the deadline to June 13, 2025, for
20 Defendants to file a responsive pleading or motion; and (3) sua sponte extending the Rule
21 26(f) Conference deadline to June 20, 2025); see also Minute Order at 1–2 (docket no.
22
23

ORDER - 6

1  12) (declining to extend the deadline for Defendants to file a responsive pleading or
2  motion a second time).

3        Plaintiff also requests that this case not be dismissed "as the parties remain
4  actively engaged in good faith efforts to resolve the matter without further burdening the
5  Court or incurring additional costs." Resp. at 3 (docket no. 13). The Court has already
6  been burdened by Plaintiff's failure to prosecute and lack of compliance with the Court's
7  Orders. In response to the Plaintiff's inaction in this case, the Court has repeatedly
8  inquired into the status of the case and reminded the Plaintiff of its obligations to adhere
9  to deadlines set by the Court. Also frustrating for the Court is that Defendants, despite
10 apparently being represented by counsel, have not even appeared in this case, and thus
11 the Court has not been able to enter any scheduling order setting a trial date and related
12 pretrial deadlines. The Court is aware that litigation is costly, but ongoing settlement
13 discussions are not an excuse to disregard deadlines set by the Court.

14       Remarkably, in the Response to the Court's order to show cause, Plaintiff
15 "suggests one final extension" of Defendants' deadline to file a responsive pleading or
16 motion and "if settlement in principle is not reached in that time *the case can move*
17 *forward as scheduled.*" Resp. at 3 (docket no. 13) (emphasis added). Despite the Court
18 denying the second motion for an extension of time to file, Plaintiff appears to be asking
19 for an extension for a third time.[2] It has become clear to the Court that the Plaintiff
20 would like to effectively stay the existing deadlines for as long as possible while the

---

22 [2] Plaintiff this time fails to even offer a date that Defendants' deadline should be extended to. See Resp. at 3 (docket no. 13)

ORDER - 7

parties continue to engage in settlement discussions before this case can, as Plaintiff curiously puts it, "proceed on a litigation track." Resp. at 3 (docket no. 13). Plaintiff chose to file this case, and thereby elected to "proceed on a litigation track."

The Court has no "prefer[ence]," see id., for how Plaintiff's dispute with Defendants resolves; litigation and settlement discussions are ultimately driven by the parties themselves. However, deadlines are expected to be followed. The Court previously warned Plaintiff about the consequences of its failure to prosecute this case and comply with the Court's orders. Plaintiff's repeated failure to adhere to the Court's Orders for months indicates that less drastic sanctions would not be effective. See Garvie, 2024 WL 6078846, at *2. The Court finds this factor weighs in favor of dismissal without prejudice.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) This case is hereby DISMISSED without prejudice.

(2) The Clerk is directed to send a copy of this Order to all counsel of record and Ashley Callahan at acallahan@callahanlawoffices.com and close this case.

IT IS SO ORDERED.

Dated this 22nd day of August, 2025.

Thomas S. Zilly
United States District Judge

ORDER - 8